IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BRENDA PETERSEN,** | 3:12-cv-01754-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration,**[1] | |
| Defendant. | |

**JAMES S. COON**
Swanson Thomas & Coon & Newton
820 SW 2nd Avenue
Suite 200
Portland, OR 97204
(503) 228-5222

      Attorneys for Plaintiff

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this case. No further action need be taken to continue this case by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405.

1 - OPINION AND ORDER

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**LISA GOLDOFTAS**
**RICHARD A. MORRIS**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 901
Seattle, WA 98104
(206) 615-3858
(206) 615-2156

          Attorneys for Defendant

**BROWN, Judge.**

     Plaintiff Brenda Petersen seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.

     This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Following a thorough review of the record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

     Plaintiff filed her application for DIB on February 27,

2 - OPINION AND ORDER

2009. Tr. 21. The application was denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on September 14, 2010. Tr. 21. At the hearing Plaintiff was represented by an attorney. Plaintiff and a vocational expert (VE) testified at the hearing. Tr. 19. Lay-witness Linda Talbert submitted a written statement. Tr. 206.

The ALJ issued a decision on September 24, 2010, in which he found Plaintiff is not entitled to benefits. Tr. 21. That decision became the final decision of the Commissioner on September 12, 2012, when the Appeals Council denied Plaintiff's request for review. Tr. 1.

## BACKGROUND

Plaintiff was born December 13, 1949, and was 60 years old at the time of the hearing. Tr. 142. Plaintiff completed four or more years of college. Tr. 155. Plaintiff has past relevant work experience as a mental-health therapist. Tr. 9-11, 78, 148.

Plaintiff alleges disability since June 1, 2004, due to Crohn's disease, fibromyalgia, arthritis, depression, anxiety, and sleep apnea. Tr. 21, 147. Plaintiff's date last insured was September 30, 2007. Tr. 21, 143.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the

3 - OPINION AND ORDER

medical evidence. *See* Tr. 21-27.

**STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla of evidence

but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. § 404.1520. Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner

determines the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(I). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. § 404.1520(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete

6 - OPINION AND ORDER

incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity during the period from her alleged onset date of June 1, 2004, through September 30, 2007,

7 - OPINION AND ORDER

her date last insured.  Tr. 23.

At Step Two the ALJ found Plaintiff has the severe impairments of Crohn's disease, obstructive sleep apnea, degenerative disc disease of the lumbar and cervical spine, and fibromyalgia.  Tr. 21.

At Step Three the ALJ found Plaintiff's impairments do not meet or equal the criteria for any impairment in the Listing of Impairments.  Tr. 24.  The ALJ found Plaintiff had the RFC through the date last insured to perform light work except for climbing of ladders, ropes, or scaffolds.  Tr. 24.  The ALJ also found Plaintiff could occasionally climb ramps and stairs, crouch, stoop, kneel, and balance.  Tr. 24.  The ALJ also found Plaintiff required "ready access to a bathroom."  Tr. 24.

At Step Four the ALJ concluded Plaintiff was capable of performing her past relevant work as a social-services case manager through the last date insured.  Tr. 27.  Accordingly, the ALJ found Plaintiff was not disabled at any time from the alleged onset date through the date last insured and, therefore, is not entitled to benefits.  Tr. 27.

The Appeals Council reviewed the ALJ's decision on April 23, 2012, and found Plaintiff's work as a case manager did not qualify as past relevant work because Plaintiff had not worked as a case manager for a sufficient period of time.  Tr. 9-10.  The Appeals Council, however, found Plaintiff could perform her past

relevant work as a mental-health therapist.  The Appeals Council noted the VE testified Plaintiff's prior work as a mental-health therapist was also consistent with Plaintiff's RFC.  Tr. 10, 78, 80.  The Appeals Council, therefore, concluded Plaintiff was not disabled at any time through her date last insured.  Tr. 11.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) concluded at Step Two that Plaintiff did not have any severe mental impairments, (2) rejected Plaintiff's testimony as to her alleged mental impairments, (3) discredited the lay-witness statement of Linda Talbert, and (4) posed an incomplete hypothetical to the VE that did not include Plaintiff's alleged mental limitations.

**I. The alleged error by the ALJ at Step Two was harmless.**

As noted, at Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).  *See also* 20 C.F.R. § 404.1520(a)(4)(iii).  A severe impairment "significantly limits" a claimant's "physical or mental ability to do basic work activities."  20 C.F.R. § 404.1521(a).  *See also Ukolov v. Barnhart*, 420 F.3d 1002, 1003 (9th Cir. 2005).  The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs."  20 C.F.R.

9 - OPINION AND ORDER

§ 404.1521(a),(b). Such abilities and aptitudes include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, handling, seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; using judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting. *Id.*

The Step Two threshold is low:

> [A]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work . . . . [T]he severity regulation is to do no more than allow the Secretary to deny benefits summarily to those applicants with impairments of a minimal nature which could never prevent a person from working.

SSR 85-28, at *2 (Nov. 30, 1984)(internal quotations omitted).

As noted, the ALJ found Plaintiff has the severe impairments of Crohn's disease, obstructive sleep apnea, degenerative disc disease of the lumbar and cervical spine, and fibromyalgia. Tr. 23. Plaintiff, however, asserts the ALJ erred at Step Two when he did not find Plaintiff's alleged mental impairments were severe.

The Ninth Circuit has held when the ALJ has resolved Step Two in a claimant's favor, any error in designating specific impairments as severe does not prejudice a claimant at Step Two. *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005)(any error in

10- OPINION AND ORDER

omitting an impairment from the severe impairments identified at Step Two was harmless when Step Two was resolved in claimant's favor). Because the ALJ resolved Step Two in Plaintiff's favor, the Court concludes any error by the ALJ in failing to identify Plaintiff's alleged mental impairments as severe is harmless.

**II.  The ALJ gave clear and convincing reasons for rejecting Plaintiff's testimony as to her alleged mental limitations.**

Plaintiff alleges the ALJ erred when he failed to give clear and convincing reasons for rejecting Plaintiff's testimony as to her alleged mental impairments.

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom.  *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen v. Chater,* 80 F.3d 1273, 1284 (9th Cir. 1996).

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so.  *Parra,* 481 F.3d at 750 (citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  General assertions that the claimant's testimony is not credible are

11- OPINION AND ORDER

insufficient. *Id*. The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester*, 81 F.3d at 834).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause Plaintiff's alleged symptoms, but he concluded Plaintiff's testimony concerning the intensity, persistence, and limiting effects of her symptoms are not credible "to the extent they are inconsistent with the [RFC]." Tr. 25.

Plaintiff testified at the time of the hearing that her mental problems had been ongoing for approximately ten years. Tr. 62-63. Plaintiff testified part of the reason she lost her job was because of her mental problems and because she fell behind on her paperwork. Tr. 62-63. She stated part of her job duties included billing clients, and she "billed the wrong people for the wrong thing." Tr. 62-63. Plaintiff testified she does other things that she cannot explain such as throwing away important items, leaving kitchen cupboards open, and leaving the stove on. Tr. 61-63. Plaintiff testified she has been on antidepressants continuously since 2001, but they make her more depressed and do not seem to work. Tr. 64. Plaintiff also testified she has to close her eyes often when she talks because it is "hard for me to just sometimes think or put words together." Tr. 76. The ALJ, however, pointed out the only

12- OPINION AND ORDER

reference in the record to any memory problems was an evaluation of Plaintiff in May 2003 at which time an MRI was performed by Tyler Lippincott, M.D., and that evaluation predates Plaintiff's alleged onset date by one year. Tr. 26-27, 431. The MRI showed "several small focal areas of white matter disease." Tr. 431. The ALJ noted a neurologist did not think the MRI results were consistent with multiple sclerosis and recommended psychological testing, which Plaintiff was "not happy with." Tr. 26-27, 341. The ALJ pointed out there is not any evidence in the record that Plaintiff underwent psychological testing. The ALJ concluded "[Plaintiff's] lack of interest in pursuing testing is not consistent with her allegations of debilitating mental symptoms." Tr. 26.

The ALJ also noted Plaintiff reported in February 2006 that she had been off all of her medications and was feeling "weird, anxious, irritable, and angry" and was making "mental mistakes." Tr. 26, 307. Gregg Coodley, M.D., put Plaintiff back on Lexapro, which appeared to help. Tr. 26, 304. The Court notes Plaintiff was treated for depression and anxiety on an ongoing basis between her alleged onset date and the last date insured. *See* Tr. 285, 294, 296, 298, 304, 309, 318, 320, 322. The record pertaining to this period, however, does not contain any additional reference to the memory or mental limitations alleged by Plaintiff.

13- OPINION AND ORDER

On this record the Court concludes the ALJ did not err when he found Plaintiff's testimony was not entirely credible as to the intensity, persistence, and limiting effects of her alleged mental impairments between her alleged onset date and last date insured because the ALJ provided legally sufficient reasons for doing so.

### III. The ALJ gave germane reasons for discrediting the statement of lay-witness Linda Talbert.

Plaintiff contends the ALJ erred when he improperly rejected the written statement of Linda Talbert.

When determining whether a claimant is disabled, the ALJ must consider lay-witness testimony concerning a claimant's limitations and ability to work. *Molina*, 674 F.3d at 1114. If the ALJ wishes to discount the testimony of lay witnesses, he "must give reasons that are germane to each witness." *Id.* (quoting *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th th Cir. 1996)). *See also Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1995)(improperly rejected lay-witness testimony is credited as a matter of law).

Germane reasons for discrediting a witness's testimony include inconsistency with the medical evidence and the fact that the testimony "generally repeat[s]" the properly discredited testimony of a claimant. *Bayliss v. Barnhart*, 427 F.3d 1211,

1218 (9th Cir. 2005).  *See also Williams v. Astrue*, 493 Fed. App'x 866 (9th Cir. 2012).

Linda Talbert reported in a September 12, 2010, written statement that she and Plaintiff worked together as case managers at Cascadia Behavioral Health Care (formerly Network Behavioral Health Care).  Talbert noted in Fall 2000 that Plaintiff was "very efficient in handling the large volume of treatment plans and behavioral health assessments" and "was so efficient, she was give [*sic*] a raise and an increased caseload size."  Tr. 206.  Talbert stated, however, from September 2001 through November 2001 Plaintiff seemed to fall behind in her work, often arrived late, and did not appear to focus on her calls and reports.  Tr. 206.  Talbert stated Plaintiff was fired in November 2001 "because she had some difficulties with accurate billing and client tracking."  Tr. 206.  Talbert also noted in the prior two years she had only seen Plaintiff once at Thanksgiving in 2008, at which time Plaintiff appeared tired and confused and had difficulty tracking the details of their conversation.  Tr. 206.

The ALJ found Talbert's statements "not entirely credible."  The ALJ stated:  "While [Plaintiff's] cognitive functioning may have deteriorated, evidence does not suggest any significant cognitive limitations during the time she was insured."  Tr. 27.

15- OPINION AND ORDER

The ALJ again noted the only evidence in the record to memory problems experienced by Plaintiff was the 2003 MRI and Plaintiff's report of mental problems in 2006 after stopping all medications.  Tr. 27.

The Court has concluded the ALJ properly discounted Plaintiff's credibility, particularly with respect to Plaintiff's statements concerning the severity, persistence, and limiting effects of her mental impairments.  Talbert's written statement generally repeats the properly discredited testimony of Plaintiff.  The Court, therefore, concludes on this record that the ALJ provided reasons germane to Talbert supported by substantial evidence in the record for concluding that her statement was of limited value to the ALJ's assessment of Plaintiff's RFC.

**IV. The ALJ's hypothetical to the VE was complete.**

Plaintiff contends the ALJ's hypothetical to the VE was inadequate because it did not contain Plaintiff's alleged mental-impairment limitations.  Because the Court has concluded the ALJ did not err when he found Plaintiff and Talbert not to be credible as to Plaintiff's limitations arising from her alleged mental impairments and did not err in his assessment of Plaintiff's RFC, the Court also finds the ALJ's hypothetical to the VE was not erroneous.

16- OPINION AND ORDER

**CONCLUSION**

For these reasons, the Court **AFFIRMS** the Commissioner's decision and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 10th day of October, 2013.

/s Anna J. Brown

_____
_____
ANNA J. BROWN
United States District Judge

17- OPINION AND ORDER